### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0330-HE |
| ) | |
| CARL BEAR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against various state employees. He seeks damages for constitutional violations he claimed occurred while he was incarcerated at the Oklahoma State Reformatory. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell, who recommends that a motion to dismiss filed by defendant Lawson, an assistant attorney general, be granted.

The magistrate judge concluded plaintiff's claim[1] against defendant Lawson in her official capacity for monetary relief was barred by the Eleventh Amendment. The claim against defendant Lawson in her individual capacity was barred, he determined, by either absolute prosecutorial immunity or qualified immunity. Plaintiff objected to the Report and Recommendation, arguing that defendant Lawson "participated and possibly initiated the prison officials Defendants Bear et al., [retaliatory] action of using excessive force."

---

[1] *Plaintiff has alleged only a retaliation claim against defendant Lawson. Although he refers to her involvement in a conspiracy in his objection, he does not allege a conspiracy claim against her in his complaint.*

Objection, p. 7.

> Plaintiff alleges in his complaint that defendant Lawson
>
> is the attorney in Plaintiff's present case against the Corrections Corporation of America and the Department of Corrections and she knows Plaintiff has been harassed by a number of staff at the Oklahoma State Reformatory (OSR), because Plaintiff has filed a restraining order, and before this incident Plaintiff had filed another restraining order on Carl Bear for making threats to have me harmed by game-members. . . . Stefanie Larson is being sued in her individual capacity and her official capacity, for knowing of the harm Carl Bear could do to me and did nothing to prevent his retaliation, and I am alleging that she <u>may</u> have told OSR Acting Warden Tracy McCollum about the restraining order and Tracy McCollum <u>may</u> had told Carl Bear, however Carl Bear found out and retaliated . . .

Complaint, p. 2. He later alleges that defendant Bear learned that plaintiff had sought injunctive relief against him "from either re-opening [his] legal mail out-side of [his] presence, or he was told by either Johnny Blevin or Stefanie Lawson . . . ." Complaint, pp. 6-7.

The court agrees with the magistrate judge that, as the plaintiff is seeking only monetary relief from defendant Lawson, the Eleventh Immunity precludes his retaliation claim against her in her official capacity. Plaintiff did not challenge that determination in his objection.

The court also agrees with the magistrate judge that plaintiff's retaliation claim against defendant Lawson in her individual capacity is barred. While it is not altogether clear that Lawson is entitled to prosecutorial immunity, the court nonetheless concludes plaintiff's allegations, construed liberally and in the light most favorable to plaintiff, are insufficient to state a claim against defendant Lawson for retaliation.

Missing are any allegations of retaliatory intent or allegations from which retaliation on the part of defendant Lawson can be inferred. *See* Williams v. Steward, 2012 WL 2821205, at *1 (10th Cir. 2012 (unpublished) ("Denuded of any facts to make the allegations of retaliatory motive plausible, the complaint fails to state a claim on which relief can be granted."); Allen v. Avance, 2012 WL 2763508, at *5 (10th Cir. 2012) (unpublished) ("Our cases allow an inference of whether the defendant's response was substantially motivated by protected conduct where evidence showed (1) the defendants were aware of the protected activity; (2) the plaintiff directed his complaint to the defendants' actions; and (3) the alleged retaliatory act was in close temporal proximity to the protected activity.") (internal quotations omitted).

Plaintiff alleges that he filed motions seeking injunctive relief against defendant Bear in an action pending in the Eastern District of Oklahoma. Bear is not a party in that action, but defendant Lawson is an attorney of record. At the time plaintiff filed his motions, she represented the Oklahoma Department of Corrections and two state employees. Plaintiff contends Lawson told Bear about the motions and he then retaliated against plaintiff.[2]

Plaintiff's allegations may suffice to state a retaliation claim against Bear that would survive a Fed.R.Civ.P. 12(b)(6) challenge. However, they are insufficient to support a claim that defendant Lawson acted with retaliatory intent.

---

[2]*Plaintiff's allegation that defendant Lawson "may have told OSR Acting Warden Tracy McCollum about the restraining order and Tracy McCollum may had told Carl Bear," Complaint, p.2, is too speculative to allege a link between defendant Lawson and defendant Bear's asserted retaliatory acts. The court has accepted as true his subsequent assertion in his complaint that she told Bear of the plaintiff's motions for a restraining order. Complaint, pp. 6-7.*

Accordingly, for the reasons stated, the court adopts the Magistrate Judge's conclusion that plaintiff's retaliation claim against defendant Lawson in her official and individual capacities fails.  Defendant Lawson's motion to dismiss [Doc. #26] is **GRANTED**.  Plaintiff's claim against her for retaliation is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE