IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIV-12-330-HE ) |
| CARL BEAR, et al., | ) ) ) |
| Defendants. | ) |

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

On March 27, 2012, Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking damages from nine state correctional officials for an alleged used of excessive force and retaliatory measures taken against him at Oklahoma State Reformatory ("OSR") in February 2012. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Before the undersigned is Plaintiff's second motion requesting a temporary restraining order ("TRO") or preliminary injunction be issued against Defendants. (Doc #48). Defendants Blevins, Barber, Bethea, Duty, Hendrix, McCollum, and Tate have responded to Plaintiff's motion (Doc. #50), and Plaintiff has filed a Reply (Doc. #53).

Plaintiff was previously in custody at OSR but was transferred to the Davis Correctional Facility ("DCF") in April 2012. In his second motion seeking a TRO or,

alternatively, preliminary injunction, Plaintiff requests that the Court issue an order (1) directing prison officials to transfer Plaintiff to a medium security correctional facility and (2) directing prison officials to expunge from his prison record some allegedly "false misconducts." (Doc. # 48, at 10).

Pursuant to Fed. R. Civ. P. 65(b), a TRO may be entered on an emergency basis in order to prevent "immediate and irreparable injury, loss or damage" from occurring before the opposing party can be heard. The function of a TRO is to maintain the status quo for a very brief period of time usually only until a hearing can be held. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 429 (1974). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. See De Beers v. Consol. Mines v. United States, 325 U.S. 212, 220 (1945). "To obtain a temporary restraining order or preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, L.L.C., 500 F3.d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy," and therefore "the right to relief must be clear and unequivocal." Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003).

Plaintiff seeks a TRO or injunction directing the Defendants to take action to transfer him to another facility and to expunge disciplinary misconducts. However, "[a] preliminary

injunction that alters the status quo goes beyond the traditional purpose for preliminary injunctions, which is only to preserve the status quo until a trial on the merits may be had." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1099 (10th Cir. 1991).  The type of mandatory injunction requested by Plaintiff "affirmatively require[s] the nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the injunction." Id. This is a "specifically disfavored" type of injunction. Schrier v. University of Colo., 427 F.3d 1253, 1261 (10th Cir. 2005).  Under these circumstances, Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004)(*en banc*).  Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." Id. at 976.

     Plaintiff asserts that a misconduct issued against him at OSR was "fabricated . . . to cover the retaliation against Plaintiff for engaging in activity protected by the constitution." (Doc. # 48, at 2).  However, Plaintiff relies only on his own conclusory allegations in support of his "fabricated" misconduct claim, and he has not shown irreparable injury in the absence of a grant of preliminary relief or a likelihood of success on the merits of his claims asserted in the Complaint.  Nor has Plaintiff provided any support for his request for a TRO or injunction directing Defendants to transfer him from DCF to another correctional facility. This request is wholly unrelated to the claims asserted in the Complaint, and Plaintiff has not

shown irreparable injury or a likelihood of success on the merits of his claims asserted in the Complaint. Under these circumstances, Plaintiff's motion should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's motion seeking a TRO or preliminary injunction (Doc. #48) be DENIED. Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by November 26th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  6th  day of  November , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE