**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-12-0330-HE |
| | ) | |
| CARL BEAR, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983

action against various state employees.  He seeks damages for constitutional violations he

claimed occurred while he was incarcerated at the Oklahoma State Reformatory.  Consistent

with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell,

who recommends that the motion for summary judgment filed by defendants Blevins, Barber,

Bethea, Duty, Hendrix, McCollum and Tate be granted as to plaintiff's claims in counts one

and two, and the motion to dismiss filed by defendant Blevins, Barber, Bethea, Duty,

Hendrix, McCollum and Tate be granted as to plaintiff's claims in counts three and four.[1]

The magistrate concluded plaintiff had failed to exhaust his claims in counts one

(violation of First Amendment right of access, conspiracy to deny access to courts and

retaliation) and two (excessive force and conspiracy to use excessive force) and

recommended that those claims be dismissed without prejudice.  He determined plaintiff's

due process claims in count three, based on the issuance of two allegedly false misconducts,

---

[1]*Defendants filed a motion seeking the dismissal of plaintiff's claims or, alternatively, summary judgment.*

were premature under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Ballisok, 520

U.S. 641 (1997), and recommended that they also be dismissed without prejudice.  Finally,

he concluded plaintiff's conspiracy claims in count four should be dismissed without

prejudice because plaintiff failed to "allege[] facts sufficient to state a plausible claim of

discriminatory animus" under § 1985 and, without a valid § 1985 claim, plaintiff's § 1986

claim also failed.  Report and Recommendation, p. 15.

Plaintiff filed an objection to the Report and Recommendation.  Although he contends

a fact dispute exists with respect to his conspiracy claim in count one and his other claims

in counts one and two, he does not demonstrate that he exhausted his administrative remedies

as to those claims.[2]  Plaintiff attempts to show that he was obstructed in his ability to exhaust

the available remedies, by challenging the magistrate judge's reference to his being placed

on grievance restrictions.[3]  While he states "there is no evidence in the record to support the

courts assertion," objection, p. 3, he mischaracterizes the evidence.[4]   See Doc. #41,

Attachment1, at 11, 14;  Special Report, Attachments 19, 28.

Plaintiff also asserts that exhaustion was excused by defendants' asserted untimely

---

[2]*Because plaintiff failed to exhaust his remedies as to those claims, they must be dismissed even if, as plaintiff asserts, fact disputes exist regarding them.*

[3]*The magistrate judge had properly concluded that plaintiff's placement on grievance restrictions did not obstruct his ability to exhaust available administrative remedies. See Oklahoma Department of Corrections Policy OP-090124, p. 15, Doc. #37, Attachment 1.  It is unclear why plaintiff argues that he was not placed on grievance restriction.  He does not explain how not being restricted would have prevented him from exhausting his administrative remedies.*

[4]*The plaintiff also ignores the fact that he alleged both in the complaint and in his objection that he was placed on grievance restrictions. Complaint, p. 7; Objection, p. 8.*

response to an "Emergency [and] Sensitive Grievance" he submitted on February 20, 2012.

The magistrate judge rejected that argument, noting that the grievance was returned because

it included more than one issue and was not of a sensitive/emergency nature.  Assuming, as

plaintiff asserts, that the inclusion of multiple issues in the grievance was not a valid ground

for rejecting it, he did not show that the grievance was of an "emergency" or "sensitive"

nature," which would excuse compliance with the normal exhaustion procedure and allow

the grievance to  be submitted directly to the reviewing authority.  Plaintiff also failed to

show that the expedited response time applies to grievances determined not to be

"emergency" or "sensitive."[5]  *See id.*

Plaintiff has not demonstrated that he exhausted his administrative remedies with

respect to his claims in counts one and two, or that exhaustion was excused.  Defendants'

motion for summary judgment will be granted as to those claims.

Plaintiff does not challenge the magistrate judge's recommendation regarding count

three,[6] but does object to his conclusion that plaintiff failed to state a conspiracy claim under

§ 1985 in count four. He also asserts that he should be allowed leave to amend in that he has

stated a claim under 42 U.S.C. § 1983.

---

[5]*While the grievance reflects that it was sent to the Oklahoma Department of Correction's Administrative Review Authority on Feb.20, 2012, it is stamped as received by the authority on June 5, 2012.  The Authority responded on June 14, 2012.  Because plaintiff has not shown that the grievance satisfied the expedited grievance procedure's requirement of being "emergency" or 'sensitive," the time discrepancy is immaterial.*

[6]*He does state in his concluding paragraph that he "objects to the Report and Recommendation granting the Defendants motion to Dismiss (Doc. #37) in Count Three," but fails to make a sufficiently specific objection and thus waived review of the issue.*

The magistrate judge recommended the dismissal of count four on the ground plaintiff failed to allege the discriminatory animus required for a violation of § 1985(3).  Plaintiff alleges in his complaint that he is an African-American and, in his objection, asserts that "all of the Defendants are Caucasian" and "the Court could infer the racial and other class-based, invidiously discriminatory animus behind the conspirators' action."  Objection, p. 9. However, those assertions, even when combined and considered in conjunction with the complaint, are insufficient to allege a conspiracy claim under 1985 that "is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

While leave to amend is to be freely given, plaintiff's request is untimely as he did not seek leave to amend until after the magistrate judge had issued his Report and Recommendation.  He also did not offer any reason for his delay in seeking amendment, which at this late date in the proceedings, would prejudice defendants to a certain extent as they have already filed a dispositive motion.  Further, the court finds that, even when liberally construed, plaintiff's allegations in count four fall short of what is required to allege a conspiracy under § 1983.[7]

Having conducted a *de novo* review, the court agrees with Magistrate Judge Purcell's analysis of plaintiff's claims and adopts his Report and Recommendation.  The motion filed by defendants Blevins, Barber, Bethea, Duty, Hendrix, McCollum and Tate [Doc. #37] is granted as follows: summary judgment is granted in defendants' favor with respect to

---

[7]*Plaintiff did not submit a proposed amended complaint, but relies instead on the allegations in his complaint.*

plaintiff's claims in counts one and two and the claims in counts three and four are dismissed for failure to state a claim upon which relief may be granted.  Plaintiff's request for leave to amend is denied.

> **IT IS SO ORDERED**.

Dated this 21st day of February, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE