IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-12-0330-HE |
| | ) | |
| CARL BEAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against various state employees. He seeks damages for constitutional violations he claimed occurred while he was incarcerated at the Oklahoma State Reformatory. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. He has issued a Fourth Supplemental Report and Recommendation pertaining to a motion to dismiss or, alternatively, for summary judgment filed by defendant Bear, to which plaintiff has objected.

The magistrate judge concluded plaintiff failed to exhaust his claims in count one (violation of First Amendment right of access, conspiracy to deny access to courts and retaliation) and count two (excessive force and conspiracy to use excessive force) of the complaint and recommended that summary judgment be entered in defendant Bear's favor on those claims. He determined that plaintiff's due process claims in count three, based on the issuance of two allegedly false and retaliatory misconducts, were premature under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Ballisok, 520 U.S. 641 (1997) and

recommended they be dismissed without prejudice. As for plaintiff's claims for damages asserted against defendant Bear, in his official capacity, the magistrate judge recommended they be dismissed because the defendant, as a state employee, is immune under the Eleventh Amendment from a federal suit seeking monetary relief. Finally, the magistrate judge recommended that plaintiff's conspiracy claims in count four be dismissed without prejudice because plaintiff failed to "allege[] facts sufficient to state a plausible claim of discriminatory animus" under § 1985 and, without a valid § 1985 claim, plaintiff's § 1986 claim also failed. Report and Recommendation, p. 10.

Plaintiff filed an objection to the Report and Recommendation. Initially he contends he was obstructed in his ability to exhaust the available remedies as to his claims in counts one and two. Citing "Plaintiff's Exhibit 2,"[1] plaintiff asserts that he submitted an "Emergency and Sensitive Grievance" to the Administrative Review Authority of the Oklahoma Department of Corrections ("ODOC") on February 20, 2012, which ODOC did not respond to until June 14, 2012.[2] Plaintiff appears to be arguing that because ODOC allegedly delayed its response to his grievance and then denied it, advising him that it was "[n]ot of a sensitive/emergency nature" and that he had to "follow the standard grievance

---

[1] The court assumes plaintiff is referring to a response dated June 14, 2012, from Debbie Morton, the Director's Designee, to plaintiff explaining why a grievance was being returned. The response is marked as "Exhibit 2" and the grievance as "Exhibit 3." They are included in Doc.#41-1, pp. 2-3.

[2] While the grievance is dated Feb.20, 2012, it is stamped as received by the Administrative Review Authority on June 5, 2012. Doc. #41-1, p. 3. The Authority responded on June 14, 2012. Id. at p. 2.

process including giving the facility an opportunity to respond," Doc. #41-1, p. 2,  he could not exhaust his claims as the 60 day filing deadline for grievances had passed.  Plaintiff asserts that the delayed response, combined with the failure of the Director's Designee, Ms. Morton, to check line#26 on her response to his grievance, prevented him from exhausting his claims.  Line #26 provides that "You will be afforded <u>ONE FINAL</u> opportunity to properly submit your corrected grievance within 10 days of receipt of this form provided you remain within the time frames specified in OP-090124."  *Id.*

In his Third Supplemental Report and Recommendation [Doc. # 75],  the magistrate judge noted that plaintiff's own evidence showed that, while the  "emergency  grievance" was dated February 20, 2012, it was date-stamped as received by the Administrative Review Authority on June 6, 2012.  *Id*. at p. 14, Doc. #41-1, p. 3.  Because ODOC determined it was not an emergency or sensitive grievance, a response within 20 working days, rather than 48 hours, was required. See Doc. #37-1.  Therefore, based on the evidence in the record, the response by ODOC was timely.  However, even if it was not, plaintiff was not necessarily precluded from exhausting his administrative remedies.  Once he submitted a grievance and it was rejected as being untimely, the Offender Grievance Process specifically permits an inmate to ask to submit a grievance out of time.  See Doc. #31-1, p. 16.

Plaintiff also contends that he failed to exhaust because he was placed on grievance restrictions.[3]  The magistrate judge addressed this argument in his Third Supplemental Report

---

[3]*In his response, plaintiff argues the merits of his retaliation claim, asserting that "Defendants has not submitted any evidence support their reason(s) for placing plaintiff on*

3

and Recommendation. He concluded that "[p]aintiff's placement on grievance restrictions in October and December 2011 did not obstruct his ability to exhaust the available administrative remedies. ODOC's grievance policy prescribes additional requirements for inmates placed on grievance restrictions, but the policy's additional requirements do not render administrative remedies unavailable to Plaintiff." Doc. #75, p. 15. The court agrees[4] and therefore concludes plaintiff failed to exhaust his administrative remedies as to the claims in counts one and two.[5]

As for his remaining conspiracy claims in count four, plaintiff asserts that "Plaintiff may have not stated a claim under 42 U.S.C. § 1985 or 1986, but Plaintiff has filed a claim under 42 U.S.C. § 1983 and can prove that Defendant Bear and Pazula Bethea acted in

---

*grievance restriction ...."  Objection at p. 6.  The question, though, is whether plaintiff exhausted his claims, not the propriety of the grievance restriction.*

[4]*Plaintiff also tries to create a fact question regarding his exhaustion by asserting DOC officers lied to the court about whether plaintiff was placed on grievance restrictions. However, the documents plaintiff relies on [Doc. #38, Attachments 19, 28] merely show (1) that an ODOC employee, Greg Brooks, was unable to find the grievance restriction in the Oklahoma State Reformatory's records, but found a grievance restriction warning issued to plaintiff on October 7, 2011, and (2) that plaintiff was also issued a warning on September 12, 2011.  Plaintiff himself alleged both in the complaint [Doc. #1 at p.8] and other briefs, that he was placed on grievance restrictions. Doc. Nos. 41 at p. 6, 80 at pp. 3,12.  The record reflects that plaintiff was given a "grievance restriction warning" on Oct. 7, 2011 [Doc. #38-19], and was placed on a grievance restriction as of October 19, 2011 [ Doc. #41, Attachment 1, at p. 11], which was extended on December 13, 2011 for twelve months.  Id.*

[5]*Plaintiff also argues that he filed the emergency grievance because "it would not have done any good, and I felt threatened and did not want to lodge a grievance to OSR Administration." Objection, p. 5.  Plaintiff did not present the magistrate judge with this argument – that he had been intimidated and, thus, inhibited from using the grievance process.  See plaintiff's response to defendant's Davis' motion to dismiss, Doc. #80.  He thereby waived it.  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")*

concert when she allowed Defendant Bear to act as law library supervisor in her stead and that he lied when he claimed Defendant Bethea would not be in until 1:30 p.m. . . . ." Objection at p. 7. Plaintiff cannot convert a § 1985 or § 1986 conspiracy to one asserted under § 1983 in his objection. Plaintiffs's conspiracy claims asserted in count four will be dismissed without prejudice.

Plaintiff also included a Rule 56(d) affidavit in his objection, in which he asks the court to view camera footage of the library incident, which underlies his claims, as that will "prove that Defendant Bear staged this entire incident and ... defeat summary judgment." Objection, p. 8. The footage is not pertinent to the resolution of plaintiff's claims in counts one, two and three, as they fail for reasons other than the merits. It also is not pertinent to the conspiracy claims asserted in count 4 because neither states a cognizable claim, as presently pleaded. Plaintiff asserts, though, that he should be "allowed to amend when he is African-American and the Defendants are Caucasian." Objection, p. 9.

In a prior order the court denied plaintiff leave to amend, concluding that "[w]hile leave to amend is to be freely given, plaintiff's request [was] untimely as he did not seek leave to amend until after the magistrate judge had issued his Report and Recommendation." February 21, 2013, order [Doc. #82]. It also noted that plaintiff did not offer any reason for his delay in seeking amendment. The same rationale applies here. This action has been pending for a year and there have been multiple motions, Reports and Recommendations and orders filed. The court concludes that plaintiff waited too long to add a new conspiracy claim under § 1983 and allegations of discriminatory animus to salvage two others (his §1985 and

5

§ 1986 claims).

Having conducted a *de novo* review, the court agrees with Magistrate Judge Purcell's analysis of plaintiff's claims and **ADOPTS** his Fourth Supplemental Report and Recommendation.  Plaintiff failed to exhaust his administrative remedies with respect to his claims in counts one and two, his claims in count three are premature and his claims in count four fail to state a claim upon which relief can be granted.  Accordingly, defendant Bear's motion to dismiss/for summary judgment [Doc. #77] is **GRANTED** as follows: summary judgment is **GRANTED** in defendant's favor as to the claims in counts one and two and the claims in counts three and four are **DISMISSED** without **PREJUDICE**.  Plaintiff's request for leave to amend and request for a deferred ruling under Fed.R.Civ.P. 56(d) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE